[Cite as *In re H.C.*, 2015-Ohio-3676.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 102601

---

## IN RE: H.C.
## A Minor Child

---

## JUDGMENT:
### REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL-15100449

**BEFORE:** Celebrezze, A.J., E.A. Gallagher, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 10, 2015

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Daniel T. Van
          Brett Hammond
Assistant Prosecuting Attorneys
1200 Ontario Street, 8th Floor
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Robert L. Tobik
Cuyahoga County Public Defender
BY:   Jeffery Gamso
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., A.J.:

**{¶1}** This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Appellant, the state of Ohio ("the state"), brings this appeal challenging the juvenile court's dismissal of the state's complaint against appellee, H.C., for lack of jurisdiction. After a thorough review of the record and law, this court reverses the dismissal of the case and remands the case to the juvenile court.

**{¶2}** On January 14, 2015, appellant, the state, filed a complaint against appellee, 37-year-old H.C., for the rape and kidnapping of a female victim. The state alleged that on January 16, 1995, H.C., then 17 years old, sexually assaulted a 14-year-old victim.

**{¶3}** On January 15, 2015, the state filed a brief in support of jurisdiction and a request for oral hearing. The state argued that the juvenile court possessed jurisdiction to hear the case pursuant to R.C. 2152.02(C)(2)-(3) and 2151.23(I) because H.C. was a minor at the time of the alleged crimes and had been taken into custody for the offenses prior to turning 21 years old. In support of its argument, the state averred that H.C. was interviewed at the Cleveland Police Department on the day after the alleged rape. The state claimed that H.C. was *Mirandized* and provided officers with a written statement in which he admitted to engaging in consensual sex with the victim. The state further posited that a booking card, dated February 2, 1995, evidenced that H.C. had been taken into custody for the rape because the words "Non-Physical" were typed in the space

adjacent to the phrase "Arrested at." A poor-quality photocopy of the booking card was attached to the state's brief for the juvenile court's consideration.

{¶4} One day later, on January 16, 2015, the juvenile court dismissed the state's complaint with prejudice for lack of jurisdiction pursuant to R.C. 2151.23(I). The juvenile court's journal entry made no mention of the state's motion or the booking card, and did not address the state's allegation that H.C. had been in custody for the purported rape prior to turning 21 years old. Subsequently, the state filed this appeal arguing that the trial court erred in dismissing the charges against H.C. for lack of jurisdiction.

{¶5} "Subject matter jurisdiction is the power of a court to entertain and adjudicate a particular class of cases." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 19. "The exclusive subject matter jurisdiction of the juvenile court cannot be waived." *State v. Wilson*, 73 Ohio St.3d 40, 652 N.E.2d 196 (1995), paragraph two of the syllabus. A trial court's dismissal for lack of subject matter jurisdiction is a question of law that appellate courts review de novo. *In re T.J.B.*, 1st Dist. Hamilton No. C-130725, 2014-Ohio-2028, ¶ 7, citing *Dikong v. Ohio Supports, Inc.*, 2013-Ohio-33, 985 N.E.2d 949, ¶ 9 (1st Dist.).

{¶6} Ohio juvenile courts have exclusive subject matter jurisdiction over cases "'[c]oncerning any child who on or about the date specified in the complaint, indictment, or information is alleged * * * to be * * * a delinquent * * * child.'" *State ex rel. Jean-Baptiste v. Kirsch*, 134 Ohio St.3d 421, 2012-Ohio-5697, 983 N.E.2d 302, quoting R.C. 2151.23(A)(1). {¶7} R.C. 2151.23(I) limits the

jurisdictional scope of the juvenile court by providing:

> If a person under eighteen years of age allegedly commits an act that would be a felony if committed by an adult and if the person is not taken into custody or apprehended for that act until after the person attains twenty-one years of age, the juvenile court does not have jurisdiction to hear or determine any portion of the case charging the person with committing that act. In those circumstances, divisions (B) and (C) of section 2151.26 of the Revised Code do not apply regarding the act, the case charging the the person with committing the act shall be a criminal prosecution commenced and heard in the appropriate court having jurisdiction of the offense as if the person had been eighteen years of age or older when the person committed the act, all proceedings pertaining to the act shall be within the jurisdiction of the court having jurisdiction of the offense, and the court having jurisdiction of the offense has all authority and duties in the case as it has in other criminal cases commenced in that court.

{¶8} R.C. 2152.02(C) explains that a "child" for the purposes of juvenile delinquency cases is "a person who is under eighteen years of age, except as otherwise provided in divisions (C)(2) to (8) of this section." As pertinent to the facts of this case, R.C. 2152.02(C)(2) provides that

> [s]ubject to division (C)(3) of this section, any person who violates a federal or state law or a municipal ordinance prior to attaining eighteen years of age shall be deemed a "child" irrespective of that person's age at the time the complaint with respect to that violation is filed or the hearing on the complaint is held.

Furthermore, R.C. 2152.02(C)(3) states that

> [a]ny person who, while under eighteen years of age, commits an act that would be a felony if committed by an adult and who is not taken into custody or apprehended for that act until after the person attains twenty-one years of age is not a child in relation to that act.

{¶9} The parties do not dispute that the juvenile court would have jurisdiction over this case if H.C. was "taken into custody or apprehended" for the alleged 1995 rape before he turned 21 years old. However, the parties differ on why the case should be remanded. H.C. requests a remand so that both parties may have an opportunity to present evidence and testimony at an evidentiary hearing on the issue, and so that the juvenile court may make an informed decision. On the other hand, the state asks us to find that H.C. was "taken into custody or apprehended" for the crime based on the record before us and asks us to remand so that the juvenile court may proceed with the case.

{¶10} We begin by analyzing the relevant statutes at issue, and by noting that the case law on this topic is sparse. R.C. 2151.23(I) is written in the negative, and clearly states that a juvenile court is divested of jurisdiction when certain requirements are met. As such, we discern three requirements that must be fulfilled in order for the juvenile court to lack jurisdiction under R.C. 2151.23(I): (1) the defendant must have been under eighteen years of age at the time of the offense; (2) the alleged offense would be a felony if committed by an adult; and (3) the defendant must *not* have been "taken into custody or apprehended" for the offense prior to turning twenty-one years of age. In interpreting this statute, the Ohio Supreme Court held that the touchstone of determining whether or not a juvenile court possesses jurisdiction under the provision was "the age of the offender *upon apprehension.*" *State v. Walls*, 96 Ohio St.3d 437, 442, 2002-Ohio-5059, 775 N.E.2d 829. (Emphasis sic.)

{¶11} In this case, the state fulfilled the first requirement by filing a complaint that set forth H.C.'s birth date and alleged that he was 17 years old at the time of the offense. The second requirement was met when H.C. was charged with the rape and kidnapping of a 14-year-old girl, both of which would be first-degree felony crimes if committed by an adult under R.C. 2907.02(A) and 2905.01(A), respectively. Thus, the only remaining issue is whether H.C. was "taken into custody or apprehended" for the alleged crimes prior to turning 21 years old.

{¶12} This issue was clearly anticipated by the state when it submitted its brief in support of jurisdiction. The state averred that H.C. was detained and brought to the Cleveland Police Department for questioning when he was 17 years old. Moreover, the state posited that H.C. provided authorities with a statement in which he admitted to having consensual sex with the victim. Additionally, the state attached a photocopy of a booking card for the court's review in furtherance of its argument that H.C. had been "taken into custody or apprehended" within the meaning of R.C. 2151.23(I).

{¶13} However, our review of the juvenile court's entry disposing of the complaint reveals that the trial court neither considered nor addressed the merits of the state's argument. Although the juvenile court in this case relied on R.C. 2151.23(I) when dismissing the complaint, the only factual material the court relied on was that H.C. was 37 years old at the time the complaint was filed. We find it difficult to comprehend that the court could adequately dismiss the complaint under R.C. 2151.23(I) without remarking on the state's brief or holding an evidentiary hearing to address the state's

substantial allegations.

{¶14} Moreover, we cannot ignore the significant questions that remain unanswered regarding whether or not H.C. was "taken into custody or apprehended" for the alleged crimes. For example, the circumstances behind H.C.'s questioning at the police department and how long he was detained remain unknown. Furthermore, what the investigating officers meant by indicating "non-physical" next to "arrested at" on the booking card remains a mystery. These important issues could have, and should have, been investigated and resolved by the trial court based on the significant allegations made by the state prior to dismissing the complaint under R.C. 2151.23(I).

{¶15} Based on the anemic record before us, due in part to the juvenile court's hasty dismissal of the complaint, we are presently unable to make an adequate determination as to whether or not H.C. was "taken into custody or apprehended" within the meaning of the statute. We reiterate that our disposition of this case makes no recommendation regarding whether or not H.C. was, in fact, "taken into custody or apprehended" for the alleged crimes. However, we do believe that the trial court failed to investigate the state's plausible allegations and failed to adequately explain its rationale for dismissing the complaint under R.C. 2151.23(I).

{¶16} Therefore, we reverse the dismissal of this case and remand the case to the juvenile court, which is directed to hold an evidentiary hearing on the allegations made in the state's jurisdictional brief and to make a determination as to whether H.C. was "taken into custody or apprehended" within the meaning of R.C. 2151.23(I).

**{¶17}** This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., ADMINISTRATIVE JUDGE

EILEEN A. GALLAGHER, J., and
SEAN C. GALLAGHER, J., CONCUR