[Cite as *Collins v. Sweeney*, 2016-Ohio-5468.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE ex rel. FRANKIE HUDSON, JR., | ) | |
| | ) | |
| RELATOR, | ) | CASE NO. 16 MA 0127 |
| | ) | |
| V. | ) | OPINION |
| | ) | AND |
| JUDGE MAUREEN A. SWEENEY, | ) | JUDGMENT ENTRY |
| | ) | |
| RESPONDENT. | ) | |

CHARACTER OF PROCEEDINGS:    Petition for Writ of Prohibition

JUDGMENT:    Writ of Prohibition Dismissed

APPEARANCES:
For Relator    David J. Betras
    Justin A. Markota
    Betras, Kopp & Harshman, LLC
    6630 Seville Drive
    Canfield, Ohio 44406

For Respondent    Martin P. Desmond
    Assistant Prosecutor
    21 West Boardman Street, 6th Floor
    Youngstown, Ohio 44503-1426

JUDGES:

Hon. Cheryl L. Waite
Hon. Mary DeGenaro
Hon. Carol Ann Robb

Dated: August 19, 2016

PER CURIAM.

{¶1} Relator Frankie Hudson, Jr. has filed a petition for a writ of prohibition and an alternative writ of prohibition against Respondent Judge Maureen A. Sweeney, Mahoning County Court of Common Pleas. Hudson seeks an order to restrain Respondent from proceeding in the State's prosecution of him for aggravated murder, aggravated robbery, and having weapons while under disability. Because we cannot conclude that jurisdiction is patently and unambiguously lacking, we deny the writ of prohibition.

{¶2} In 2013, a Mahoning County grand jury issued a six-count indictment against Hudson and co-defendant Lamar Reese for aggravated murder and aggravated robbery each with firearms specifications, and having weapons while under disability. Counts one, two, and three concerned only Hudson when he was 17 years old for his involvement with the December 14, 2010 aggravated robbery of Breaden Market (count one), aggravated murder of Christopher Weston (count two), and having a weapon while under disability (count three). Counts four and five were against both Hudson when he was 18 years old and co-defendant Reese when he was 19 years old for their involvement in the September 16, 2011 aggravated robbery (count five) and aggravated murder (count four) of Josh Davis. Hudson was also charged with having a weapon while under disability (count six) in connection with that crime.

{¶3} The State moved to have counts one, two, and three, which were against Hudson only, dismissed without prejudice and the trial court sustained the motion. As for the other count which was against Hudson only, count six (having a weapon while under disability), Hudson pleaded guilty to that count and was sentenced to 3 years in prison. Hudson and co-defendant Reese went to trial for the charges they both faced, the aggravated robbery (count five) and aggravated murder (count four) of Josh Davis, and a jury found them both not guilty on both counts.

{¶4} On November 12, 2015, a Mahoning County grand jury indicted Hudson anew for the December 14, 2010 aggravated robbery of Breaden Market (count one),

aggravated murder of Christopher Weston (count two), and having a weapon while under disability (count three). Hudson pleaded not guilty and the case proceeded to discovery and other pretrial matters, including a superceding indictment which set forth additional charges. On July 25, 2016, the trial court set a trial date of August 22, 2016. Four days prior to the scheduled trial date, Hudson filed this writ of prohibition.

{¶5} The Ohio Supreme Court has clearly defined the parameters of prohibition. It has determined that a "writ of prohibition has been defined in general terms as an extraordinary judicial writ issuing out of a court of superior jurisdiction and directed to an inferior tribunal commanding it to cease abusing or usurping judicial functions." *State ex rel. Burtzlaff v. Vickery*, 121 Ohio St. 49, 50, 166 N.E. 894 (1929). "In other words, the purpose of a writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction." *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 73, 701 N.E.2d 1002 (1998). Therefore, a writ of prohibition is an "extraordinary remedy which is customarily granted with caution and restraint, and is issued only in cases of necessity arising from the inadequacy of other remedies." *State ex rel. Henry v. Britt*, 67 Ohio St.2d 71, 73, 424 N.E.2d 297 (1981); *State ex rel. Barclays Bank PLC v. Hamilton Cty. Court of Common Pleas*, 74 Ohio St.3d 536, 540, 660 N.E.2d 458 (1996) ("Prohibition is an extraordinary writ and we do not grant it routinely or easily.").

{¶6} In order to obtain a writ of prohibition a petitioner must prove (1) that the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power; (2) that the exercise of that power is unauthorized by law; and (3) that denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 686 N.E.2d 267 (1997). For the second and third requirements, the Ohio Supreme Court has held that "unless jurisdiction is patently and unambiguously lacking, a tribunal having general subject-matter jurisdiction can determine its own jurisdiction, and a party

challenging that jurisdiction has an adequate remedy in the ordinary course of law by appeal." *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 326, 2006-Ohio-6573, 859 N.E.2d 923, 926, ¶ 16 (2006).

{¶7} Hudson argues that juvenile court maintains exclusive jurisdiction over this case, not the common pleas court. In support, Hudson relies on R.C. 2152.02(C). R.C. 2152.02 sets forth definitions for the criminal provisions section of juvenile courts under the Revised Code. R.C. 2152.02(C) provides the definition for "child." More specifically, Hudson cites to R.C. 2152.02(C)(2) which states: "Subject to division (C)(3) of this section, any person who violates a federal or state law or a municipal ordinance prior to attaining eighteen years of age shall be deemed a 'child' irrespective of that person's age at the time the complaint with respect to that violation is filed or the hearing on the complaint is held." R.C. 2152.02(C)(3) adds: "Any person who, while under eighteen years of age, commits an act that would be a felony if committed by an adult and who is not taken into custody or apprehended for that act until after the person attains twenty-one years of age is not a child in relation to that act."

{¶8} Because he was only 20 years old when the 2013 indictment was filed, Hudson argues that he was still considered a child under the statute and that only the juvenile court could have exercised jurisdiction over the case. However, a review of the entire procedural posture of the underlying criminal cases against Hudson calls into question his argument in this regard.

{¶9} The case he is being prosecuted for presently stems from the 2015 indictment. When the 2015 indictment was filed, Hudson was 22 years old. Hudson maintains that he "has never been released from custody or apprehension regarding the charges contained in the 2013 Indictment." (Petition, ¶ 20.) However, a review of the record does not bear that out.

{¶10} The 2015 indictment was filed on November 12, 2015. Prior to that, Hudson had pleaded guilty to having a weapon while under disability (count six of the

2013 indictment) and the trial court sentenced Hudson on July 15, 2015, to 3 years in prison and ordered that sentence to be served consecutively to the sentence he received in case no. 2012 CR 01066 A. In case no. 2012 CR 01066 A, the trial court had sentenced Hudson on August 22, 2013, to 2 years in prison following his guilty pleas to improper handling of a firearm and having a weapon while under disability.

**{¶11}** Thus, when the 2015 indictment was filed, Hudson was incarcerated and serving his prison sentences from cases unrelated to the 2015 indictment. Therefore, in applying R.C. 2152.02(C), the facts appear to reflect that he had not been taken into custody or apprehended for that act (i.e. the 2015 indictment) until after he had attained 21 years of age. In other words, it appears that Hudson was not a child in relation to that act and the common pleas court had jurisdiction to preside over the case. While we do not make any conclusions of law in that regard, the foregoing clearly demonstrates that it cannot be said that Respondent patently and unambiguously lacks jurisdiction over this case.

**{¶12}** Furthermore, counts one (aggravated murder) and two (aggravated robbery) of the 2015 indictment are offenses requiring a mandatory bindover. Thus, if those charges had originated in the juvenile court, the juvenile court would have been required to bind them over to the common pleas court. Count three (having a weapon while under disability), while subject to discretionary transfer, would have likely been bound over as well and it would not have been an abuse of the juvenile court's discretion to have done so. Because Hudson's case would have transferred to the common pleas court had it commenced in juvenile court, it likewise cannot be said that he has suffered any prejudice by it being adjudicated there.

**{¶13}** Lastly, we note that while a criminal defendant has certain rights by way of due process, that defendant is not accorded an absolute right to be free from trial. *See State v. Shine*, 7th Dist. No. 15 MA 0210, 2016-Ohio-1445, ¶ 7. We emphasize Hudson's due process rights are protected in that he has an adequate remedy in the ordinary course of law by appeal if he is convicted.

**{¶14}** Accordingly, Hudson's petition writ of prohibition is dismissed.

**{¶15}** Costs taxed against Hudson.

Waite, J., concurs.

DeGenaro, J., concurs.

Robb, J., concurs.