[Cite as *State v. Taylor*, 2017-Ohio-8066.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105322**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LEON C. TAYLOR

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-590843-A

**BEFORE:** Stewart, J., McCormack, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** October 5, 2017

**ATTORNEYS FOR APPELLANT**

Timothy Young
State Public Defender

Brooke M. Burns
Assistant State Public Defender
250 East Broad Street, Suite 1400
Columbus, OH 43215


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

Daniel T. Van
Frank Romeo Zeleznikar
Assistant County Prosecutors
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, J.:

{¶1} In 2000, defendant-appellant Leon Taylor, then 17 years of age, had what his 12-year-old victim described as "consensual" sexual intercourse with her. The victim identified Taylor to the police, and vaginal and anal swabs were taken from her, but the police did not further pursue the investigation — it appeared that the families of both Taylor and the victim desired to resolve the matter privately. The swabs were tested 14 years later, and both the vaginal and anal swabs contained a positive match with Taylor's DNA. This caused the state to indict Taylor on counts of rape and kidnapping. He subsequently pleaded guilty to sexual battery and was sentenced to three years in prison. One year later, Taylor filed a motion to vacate his conviction on grounds that the general division of the court of common pleas lacked jurisdiction over him because he was only 17 years of age when he committed the violation and therefore under the jurisdiction of the juvenile division. The court denied the motion to vacate the conviction without opinion. This appeal followed.

**{¶2}** The juvenile court has exclusive jurisdiction over a child (any person who is under 18 years of age) who is alleged to be delinquent for having violated any law that would be an offense if committed by an adult. *See* R.C. 2151.23(A)(1) and 2152.02(E)(1). A person is deemed to be a child "irrespective of that person's age at the time the complaint with respect to that violation is filed or the hearing on the complaint is held." R.C. 2152.02(C)(2). In no event, however, can a person be adjudicated in juvenile court after a person has turned 21 years of age: "[a]ny person who, while under eighteen years of age, commits an act that would be a felony if committed by an adult and who is not taken into custody or apprehended for that act until after the person attains twenty-one years of age is not a child in relation to that act." R.C. 2152.02(C)(3).

**{¶3}** This point is underscored by R.C. 2151.23(I):

> If a person under eighteen years of age allegedly commits an act that would be a felony if committed by an adult and if the person is not taken into custody or apprehended for that act until after the person attains twenty-one years of age, the juvenile court does not have jurisdiction to hear or determine any portion of the case charging the person with committing that act. In those circumstances, divisions (A) and (B) of section 2152.12 of the Revised Code do not apply regarding the act, and the case charging the person with committing the act shall be a criminal prosecution commenced and heard in the appropriate court having jurisdiction of the offense as if the person had been eighteen years of age or older when the person committed the act. All proceedings pertaining to the act shall be within the jurisdiction of the court having jurisdiction of the offense, and that court has all the authority and duties in the case that it has in other criminal cases in that court.

**{¶4}** We have held that R.C. 2151.23(I) contains three requirements for divesting the juvenile court of jurisdiction:

(1) the defendant must have been under eighteen years of age at the time of the offense; (2) the alleged offense would be a felony if committed by an adult; and (3) the defendant must not have been "taken into custody or apprehended" for the offense prior to turning twenty-one years of age.

(Emphasis deleted.)   *In re H.C.*, 8th Dist. Cuyahoga No. 102601, 2015-Ohio-3676, ¶ 10.

**{¶5}** There is no question that Taylor was under the age of 18 at the time he committed the offense and that the offense was one that, if committed by an adult, would be a felony.   Taylor's motion to vacate his conviction contested only whether he was "taken into custody or apprehended" for the offense prior to turning 21 years of age. Citing our acknowledgment that there is little precedent on the issue of what constitutes being "apprehended," *State v. Lindstrom*, 8th Dist. Cuyahoga No. 96653, 2011-Ohio-6755, ¶ 14, Taylor maintains that we should use the word "apprehend" in the sense of "perceiving" or "being aware."   Relying on this meaning of the word, he maintains that the police, with the information available at the time he committed the offense, were aware of his identity and a delinquency case against him was "possible." He thus argues that the juvenile division had exclusive jurisdiction over the matter.

{¶6} This case has a very troubling set of facts: at all times, the police were aware that the victim named Taylor as the person who engaged in sexual conduct with her and Taylor, from the beginning, admitted as much; yet he was not arrested. The state represented to the court that a follow-up report by a police detective assigned to investigate the case in 2000 stated that the Cuyahoga County Department of Children and Family Services had been "active" with the case and that the police would be contacted "should there be any further need for police involvement[.]" The police inaction is mystifying — this was a case of statutory rape given that the victim was 12 years old. *See* R.C. 2907.02(A)(1)(b). The state acknowledged this inaction during the plea proceedings: the assistant prosecuting attorney told the court that "there's not a real good reason" for the delay in prosecuting Taylor and that "[t]he police did not [do] much investigation on this case." The assistant prosecuting attorney told the court that the rape kit was one of thousands that were forced to be tested and that "[i]t's no surprise that the defendant's DNA is in that rape kit. * * * It's no surprise because the police did know."

{¶7} In light of all the circumstances surrounding this case, it appears that an earnest consideration of prosecutorial discretion would have yielded a result different from the one presented here. At all times, the authorities knew that Taylor was the one and only named suspect in this case; he admitted to engaging in sexual conduct with the victim; Taylor's whereabouts were never unknown; and subsequent to the offense at issue here, Taylor was charged for, and convicted of, other offenses prior to turning 21. Nevertheless, we have no choice but to find that the general division of the common pleas court had jurisdiction over this matter. We reject Taylor's argument that he had been taken into custody or apprehended for purposes of R.C. 2152.02(C)(3) when he had been identified as the offender. There is no question that Taylor had not been arrested or otherwise taken into custody at the time the police investigated the allegations made against him. Taylor argues that the police "apprehended him because they had 'become aware' of Leon, had 'perceived' Leon, and had an 'understanding' and 'grasp' of Leon and his whereabouts at the time of the alleged offense — and they had positively identified him in 2000."

{¶8} Taylor's suggested meaning of the word "apprehended" — to perceive in the sense of becoming aware of something — is inconsistent with the intent behind R.C. 2151.23(I). The statute speaks in terms of a person who commits an act but is not "taken into custody" or "apprehended for" that act until after that person attains 21 years of age. Read in context, the phrases "apprehended for" and "taken into custody" both indicate a form of detention as opposed to a mere thought or perception that a person named as the perpetrator of an offense *could be* arrested or detained. Using the phrase "apprehended for" as being synonymous with detention, we agree that Taylor was not apprehended for his acts before turning 21 years of age. The general division of the common pleas court thus had jurisdiction over the matter.

{¶9} Taylor also argues that he was prejudiced by the state's failure to prosecute this case in 2000 because he lost the opportunity for an amenability determination in juvenile court, would have been subject to a different sexual offender classification, and may have been eligible to have the record of his case sealed. These are assertions of preindictment delay.

**{¶10}** "An unjustifiable delay between the commission of an offense and a defendant's indictment therefor, which results in actual prejudice to the defendant, is a violation of the right to due process of law under the United States and Ohio Constitutions." *State v. Luck*, 15 Ohio St.3d 150, 472 N.E.2d 1097 (1984), paragraph two of the syllabus. "Actual" prejudice is determined on a case-by-case basis, *State v. Jones*, 148 Ohio St.3d 167, 2016-Ohio-5105, 69 N.E.3d 688, ¶ 20. If the defendant shows actual prejudice from the delay, the burden shifts to the state to establish a justifiable reason for the delay. *State v. Whiting*, 84 Ohio St.3d 215, 217, 702 N.E.2d 1199 (1998), citing *Luck* at 154.

**{¶11}** It is possible that Taylor could have shown actual prejudice for all the reasons that he argues here. The burden then would have shifted to the state to show that the delay was justified.

**{¶12}** The record shows that Taylor did file a motion to dismiss based on preindictment delay but chose not to pursue it. The attorney who filed that motion later withdrew as counsel, and a new attorney negotiated the plea deal. During sentencing, new defense counsel stated, "I consulted with Leon about filing a motion for this, some kind of due process violation or preindictment delay. And he told me — you know what he said? Let's not even go there. It's a fact that I had sex with this girl." Even if Taylor had not withdrawn his motion to dismiss for preindictment delay, his guilty plea waived the claim. *State v. Ramos*, 8th Dist. Cuyahoga No. 104550, 2017-Ohio-934, ¶ 2.

**{¶13}** We earlier noted that we are troubled by how this case has been handled. At the sentencing hearing, when addressing the lack of initial investigation and follow up on this case, the state told the court that the victim's family and defendant's family went to the same church and "wanted to treat this as a family incident and deal with it that way." The assistant prosecuting attorney characterized the matter as "a situation where no one wanted to make waves, so they dealt with it." When addressing the court prior to being sentenced, Taylor stated:

> Your Honor. This case, I mean I was 17 years old. I was a child. We both were children. I didn't know she was 12 years old. That's still my friend to this day. I still have contact with her.
>
> \* \* \*
>
> I try [sic] to take responsibility for the case then, Your Honor. And they said it's not a crime because it was consensual. Then I was trying to man up. If there was [a] crime, then I actually — it should have been handled then. And now it seems like I'm getting more time now as an adult than I would have had when I was a child.

Tr. 34-35.

**{¶14}** There is no legitimate or justifiable explanation for discontinuing the investigation on a statutory rape case. That Taylor is now being punished as a felon rather than adjudicated as a juvenile because of it is alarming. Nonetheless, we are bound by the express language of R.C. 2151.23(I). Because Taylor had not been apprehended for committing the offense until after he turned 21 years of age, the general division of the court of common pleas properly exercised jurisdiction over his criminal case.

**{¶15}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MELODY J. STEWART, JUDGE

TIM McCORMACK, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR