[Cite as *State v. Hudson*, 2020-Ohio-3577.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

FRANKIE HUDSON, JR.,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 17 MA 0080**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2015 CR 01133

**BEFORE:**
Gene Donofrio, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. Paul Gains*, Prosecuting Attorney, *Atty. Ralph Rivera*, Assistant Prosecutor, *Atty. Caitlyn Andrews,* Assistant Prosecutor, Mahoning County Prosecutor's Office, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

*Atty. John Laczko*, City Centre One, Suite 975, 100 East Federal Street, Youngstown, Ohio 44503, for Defendant-Appellant.

Dated:
June 24, 2020

**Donofrio, J.**

{¶1}    Defendant-appellant, Frankie Hudson Jr., appeals a Mahoning County Common Pleas Court judgment denying his motion to dismiss the indictment against him on the basis that the trial court lacked subject matter jurisdiction.

{¶2}    On August 15, 2013, a Mahoning County Grand Jury indicted appellant in case number 2013 CR 828 on six counts from two separate incidents. Counts One, Two, and Three comprised the first incident and Counts Four, Five, and Six comprised the second incident. Count One charged appellant with aggravated murder in violation of R.C. 2903.01(B)(F), an unspecified felony. Count Two charged appellant with aggravated robbery in violation of R.C. 2911.01(A)(1)(C), a first-degree felony. And Count Three charged appellant with possessing a firearm while under a disability in violation of R.C. 2923.13(A)(2)(B), a third-degree felony. Counts One and Two also contained firearm specifications pursuant to R.C. 2941.145(A). Count Four charged appellant and a co-defendant with aggravated murder in violation of R.C. 2903.01(B)(3), an unspecified felony. Count Five charged appellant and the same co-defendant with aggravated robbery in violation of R.C. 2911.01(A)(1)(C), a first-degree felony. And Count Six charged appellant with possessing a firearm while under disability in violation of R.C. 2923.13(A)(2)(b), a third-degree felony.

{¶3}    At the time of the first incident (Counts One, Two, and Three), appellant was 17 years old. At the time of the second incident (Counts Four, Five, and Six), appellant was 18 years old. At the time of indictment in 2013 CR 828, appellant was 20 years old.

{¶4}    Appellant moved to sever the counts related to the first incident from the counts related to the second incident. The trial court granted this motion and proceeded with the counts related to the second incident. Appellant pled guilty to Count Six and proceeded to a jury trial on Counts Four and Five. A jury found appellant and his co-defendant not guilty of Counts Four and Five.

Case No. 17 MA 0080

{¶5}     On November 12, 2015, plaintiff-appellee, the State of Ohio, moved to dismiss Counts One, Two, and Three without prejudice.  At this time, appellant was 22 years old.  The trial court granted the state's motion.  On the same day, a Mahoning County Grand Jury indicted appellant in case number 2015 CR 1133 on identical Counts One, Two, and Three alleging identical conduct from case number 2013 CR 838.  The grand jury subsequently filed a superseding indictment maintaining Counts One, Two, and Three but adding criminal gang specifications pursuant to R.C. 2941.142(A) to Counts One and Two.  The superseding indictment also added four more charges: two charges for attempted murder and two charges for witness intimidation.

{¶6}     Appellant filed a motion to dismiss the indictment on the grounds that the general division of the Mahoning County Common Pleas Court lacked subject matter jurisdiction.  Appellant argued that because Counts One, Two, and Three all occurred when he was 17 years old, the matter should have been brought in the juvenile division.

{¶7}     The state opposed this motion arguing that appellant was not apprehended in case number 2015 CR 1133 until he was served with the indictment, which occurred on November 13, 2015 when he was 22 years old.  As appellant was 22 years old at the time he was apprehended, the state argued that the general division had subject matter jurisdiction over the charges.  The trial court denied appellant's motion to dismiss.

{¶8}     Appellant then filed a petition for a writ of prohibition and an alternative writ of prohibition in this court raising similar arguments as his motion to dismiss.  *State ex rel. Hudson v. Sweeney*, 7th Dist. Mahoning No. 16 MA 0127, 2016-Ohio-5468.  This court held "we cannot conclude that jurisdiction is patently and unambiguously lacking" and denied the writs.  *Id.* at ¶ 1.

{¶9}     Appellant and the state reached a plea agreement.  The state agreed to amend Count One to involuntary manslaughter, dismiss the two attempted murder and two witness intimidation charges, and recommend a prison sentence of 15 years.  In exchange, appellant agreed to plead no contest to the amended Count One, Count Two, and Count Three.  The trial court accepted appellant's no contest plea.

{¶10}   On April 24, 2017, the trial court sentenced appellant to the agreed upon prison term of 15 years.  The trial court ordered this sentence to run concurrently with

appellant's sentence in case number 2013 CR 838 and concurrently to another nine-year sentence appellant was serving in case number 2011 CR 1282A. Appellant timely filed his notice of appeal. Appellant now raises one assignment of error.

{¶11} Appellant's sole assignment of error states:

THE TRIAL COURT ERRED BY OVERRULING DEFENDANT-APPELLANT'S MOTION TO DISMISS THE INDICTMENT WHEN THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION OVER THE CHARGES BROUGHT AGAINST DEFENDANT-APPELLANT CONTRARY TO LAW CONSTITUTING AN ABUSE OF THE TRIAL COURT'S DISCRETION IN CONTRAVENTION OF R.C. 2151.23(I) AND R.C. 2152.02(C)(2).

{¶12} Appellant argues that the trial court did not have subject matter over Counts One, Two, and Three because he was 17 years old at the time the events giving rise to those counts occurred. Because he was 17 years old at the time of those actions, he argues that the action should have originated in the juvenile division and not the general division of the common pleas court.

{¶13} Motions to dismiss are subject to an abuse of discretion standard of review. *State v. Brown*, 7th Dist. Mahoning No. 03-MA-32, 2005-Ohio-2939, ¶ 77. But the issue appellant raises is whether the trial court had subject matter jurisdiction which is an issue of law and, therefore, subject to a de novo review. *State v. Williams*, 12th Dist. Butler No. CA2014-06-144, 2015-Ohio-1090, ¶ 7. Thus, an abuse of discretion standard of review applies to the trial court's determination of the relevant facts and a de novo review applies to the trial court's ruling on subject matter jurisdiction.

{¶14} The relevant facts are not in dispute. At the time Counts One, Two, and Three were committed, appellant was 17 years old. At the time of indictment in case number 2013 CR 828, appellant was 20 years old. When the state dismissed Counts One, Two, and Three in case number 2013 CR 828 and refiled them in case number 2015 CR 1133, appellant was 22 years old.

**{¶15}** Pursuant to R.C. 2151.23(A)(1), the juvenile court has exclusive original jurisdiction over child delinquency proceedings. R.C. 2152.02 defines who is and who is not a "child" for juvenile court jurisdiction purposes. These definitions are, in relevant part:

(1) 'Child' means a person who is under eighteen years of age, except as otherwise provided in divisions (C)(2) to (8) of this section.

(2) Subject to division (C)(3) of this section, any person who violates a federal or state law or a municipal ordinance prior to attaining eighteen years of age shall be deemed a 'child' irrespective of that person's age at the time the complaint with respect to that violation is filed or the hearing on the complaint is held.

(3) Any person who, while under eighteen years of age, commits an act that would be a felony if committed by an adult and who is not taken into custody or apprehended for that act until after the person attains twenty-one years of age is not a child in relation to that act.

R.C. 2152.02(C)(1)-(3).

**{¶16}** The provisions of R.C. 2152.02(C)(3) are also present in R.C. 2151.23(I). This statute provides that if a person who is under 18 years of age allegedly commits an act that would be a felony if committed by an adult but "is not taken into custody or apprehended" for that act until after the person reaches 21 years of age, the juvenile court does not have jurisdiction.

**{¶17}** Appellant argues that he was apprehended in this case when he was indicted in case number 2013 CR 828, when he was 20 years old and this action should have originated in the juvenile court. He argues that his re-indictment in case number 2015 CR 1133 on identical charges alleging identical conduct does not cure the jurisdictional defect.

**{¶18}** Appellant was arrested in case number 2013 CR 828 on August 19, 2013. Three of the six charges under this case number were committed when appellant was 18 years old. On January 15, 2014, appellant was sentenced on unrelated charges to a nine-year prison sentence in case number 2011 CR 1282(A). At the time of indictment

and apprehension in the present case, appellant was still serving prison time in the unrelated case and was 22 years old.

{¶19} Other appellate districts have upheld the practice of indicting and apprehending defendants for acts committed when they were juveniles after they turn 21 years old pursuant to R.C. 2151.23(I). *State v. Loveless,* 12th Dist. Clermont No. CA2019-03-028, 2019-Ohio-4830, *jurisdiction declined,* 158 Ohio St.3d 1483; *State v. Taylor,* 8th Dist. Cuyahoga No. 105322, 2017-Ohio-8066; *State v. Martin,* 3d Dist. Mercer No. 10-14-12, 2015-Ohio-1339.

{¶20} Based on the foregoing, the general division of the Common Pleas Court had jurisdiction over this matter and the dismissal of the original charges do not effect this result.

{¶21} Accordingly, appellant's sole assignment of error is without merit and is overruled.

{¶22} For the reasons stated above, the trial court's judgment is hereby affirmed.


Robb, J., concurs.

D'Apolito, J., concurs.


Case No. 17 MA 0080

———————————

For the reasons stated in the Opinion rendered herein, the sole assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**