[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Hudson*, Slip Opinion No. 2022-Ohio-1435.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-1435

THE STATE OF OHIO, APPELLEE, *v*. HUDSON, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Hudson*, Slip Opinion No. 2022-Ohio-1435.]**

*Criminal law—Subject-matter jurisdiction—R.C. 2152.02(C)(3) and 2151.23(I)— The general division of a common pleas court does not have jurisdiction over an offender who was arrested at the age of 20 for felonious acts he allegedly committed as a juvenile; the juvenile court has exclusive jurisdiction over that person—Court of appeals' judgment reversed, and cause remanded.*

(No. 2020-1111—Submitted December 7, 2021—Decided May 4, 2022.)

APPEAL from the Court of Appeals for Mahoning County,

No. 2017 MA 0080, 2020-Ohio-3577.

_____

**KENNEDY, J.**

{¶ 1} In this discretionary appeal from a judgment of the Seventh District Court of Appeals, we are asked to decide whether the general division of a common

pleas court has jurisdiction over an offender who was arrested at the age of 20 for felonious acts he allegedly committed as a juvenile. We hold that it does not.

{¶ 2} Appellant, Frankie Hudson Jr., was first indicted in the general division of the Mahoning County Common Pleas Court and arrested at the age of 20 for acts he allegedly committed when he was 17 years old—acts that would have been felonies if they had been committed by an adult. R.C. 2152.02(C)(3) and 2151.23(I) provide that when a person under the age of 18 commits an act that would be a felony if it had been committed by an adult and that person is not taken into custody until after he turns 21 years old, the juvenile court does not have jurisdiction over the case. Appellee, the state, recognized that because Hudson had been only 20 years old at the time of the original indictment, the general division did not have jurisdiction over him under R.C. 2152.02(C)(3) and 2151.23(I), so it moved to dismiss the indictment. Hudson was 22 years old by the time the original indictment was dismissed, and because he was then over 21 years old, the state reindicted him in the general division on the same day.

{¶ 3} But the dismissal of the defective indictment and the subsequent reindictment did not cure the jurisdictional defect. We hold that under the plain and unambiguous language of R.C. 2152.02(C)(3) and 2151.23(I), the jurisdiction of the general division is not invoked when a person under the age of 21 is taken into custody for acts committed as a juvenile that would be felonies if committed by an adult. The juvenile court has exclusive jurisdiction over such a person. Therefore, we reverse the judgment of the court of appeals and remand the cause to the trial court for further proceedings.

## I. FACTS AND PROCEDURAL HISTORY

### A. Trial-court proceedings

{¶ 4} On August 15, 2013, a few months before Hudson turned 21, he was indicted by the Mahoning County Grand Jury on six counts in case No. 2013 CR 00828. The parties agree that the first three counts of the indictment stemmed from

an incident that occurred when Hudson was 17 years old and that the remaining counts of the indictment related to a second incident that occurred when Hudson was 18 years old.

{¶ 5} The first three counts of the indictment (stemming from the incident that occurred when Hudson was a juvenile) were: aggravated murder in violation of R.C. 2903.01(A), an unspecified felony, with a firearm specification pursuant to R.C. 2941.145(A) (count one); aggravated robbery in violation of R.C. 2911.01(A)(1), a first-degree felony, with a firearm specification pursuant to R.C. 2941.145(A) (count two); and possessing a weapon while under a disability in violation of R.C. 2923.13(A)(2)(B), a second-degree felony (count three). The remaining counts four through six of the indictment (stemming from the incident that occurred when Hudson was an adult) were: aggravated murder in violation of R.C. 2903.01(A), an unspecified felony (count four); aggravated robbery in violation of R.C. 2911.01(A)(1), a first-degree felony (count five); and possessing a weapon while under a disability in violation of R.C. 2923.13(A)(2)(B), a second-degree felony (count six).

{¶ 6} The parties do not dispute that Hudson was arrested on August 19, 2013. The trial court set a bond that Hudson could not post, so he remained in custody.

{¶ 7} Concerning the counts stemming from the incident that occurred when Hudson was an adult, Hudson was acquitted of aggravated murder (count four) and aggravated robbery (count five) but was found guilty of possessing a weapon while under a disability (count six). The trial court sentenced Hudson to a mandatory 36-month term of incarceration.

{¶ 8} On November 12, 2015, the state, recognizing that the original indictment was jurisdictionally defective pursuant to R.C. 2152.02(C)(3) and 2151.23(I), moved to dismiss the first three counts without prejudice. The trial court granted the state's motion to dismiss. The Mahoning County Grand Jury

immediately reindicted Hudson—under case No. 2015 CR 1133—for the same acts he allegedly committed when he was 17 years old. Hudson was 22 years old at the time of the reindictment.

{¶ 9} On July 14, 2016, the grand jury returned a superseding indictment with additional charges. Criminal-gang specifications were added to counts one and two, and two charges each for attempted murder and witness intimidation, allegedly committed when Hudson was over the age of 18, were added as well.

{¶ 10} Hudson moved to dismiss the superseding indictment, arguing that the general division of the Mahoning County Common Pleas Court lacked subject-matter jurisdiction. The state opposed the motion. The trial court denied Hudson's motion to dismiss.

{¶ 11} Hudson and the state then reached a plea agreement. The state agreed to amend count one to involuntary manslaughter, dismiss the attempted-murder and witness-intimidation counts and the criminal-gang specifications, and recommend a prison sentence of 15 years. In exchange, Hudson agreed to plead no contest to the remaining counts (all of which stemmed from the crimes Hudson committed when he was a juvenile).

{¶ 12} The trial court accepted Hudson's no-contest plea. He was subsequently sentenced to the recommended prison term of 15 years, which the trial court ordered to run concurrently with the sentences Hudson was already serving in case No. 2013 CR 00828 and another, unrelated case.

## B. Appellate-court proceedings

{¶ 13} Hudson timely appealed to the Seventh District Court of Appeals asserting one assignment of error. *State v. Hudson*, 7th Dist. Mahoning No. 17 MA 0080, 2020-Ohio-3577, ¶ 12. Hudson argued that the trial court's decision denying his motion to dismiss the superseding indictment was in contravention of R.C. 2152.02(C)(2) and 2151.23(I). *Id.* at ¶ 11. Hudson maintained that under these statutes, the general division lacked subject-matter jurisdiction because he was a

juvenile when he committed the acts in counts one through three of the superseding indictment and he was taken into custody or apprehended for those charges prior to age 21. Therefore, it was his position that the juvenile division had exclusive jurisdiction. *Id.* at ¶ 12.

**{¶ 14}** The appellate court rejected Hudson's argument. *Id.* at ¶ 20. The court, while recognizing that Hudson was 17 years old when he allegedly committed the acts in counts one through three of the superseding indictment, found that at the time he was indicted and apprehended, he was 22 years old. *Id.* at ¶ 18. The court found persuasive precedent from other appellate districts that "have upheld the practice of indicting and apprehending defendants for acts committed when they were juveniles after they turn 21 years old pursuant to R.C. 2151.23(I)." *Id.* at ¶ 19, citing *State v. Loveless*, 12th Dist. Clermont No. CA2019-03-028, 2019-Ohio-4830, *appeal not accepted*, 158 Ohio St.3d 1483, 2020-Ohio-1488, 143 N.E.3d 524, *State v. Taylor*, 8th Dist. Cuyahoga No. 105322, 2017-Ohio-8066, and *State v. Martin*, 3d Dist. Mercer No. 10-14-12, 2015-Ohio-1339.

**{¶ 15}** Hudson sought leave to file a delayed appeal, which we allowed. 160 Ohio St.3d 1447, 2020-Ohio-5169, 156 N.E.3d 911. We accepted Hudson's sole proposition of law for review:

> The trial court and the Seventh District Court of Appeals erred by overruling defendant-appellant's motion to dismiss the indictment when the trial court lacked subject matter jurisdiction over the charges brought against defendant-appellant contrary to law constituting an abuse of the trial court's discretion in contravention of R.C. 2151.23(I) and R.C. 2152.02(C)(2).

*See* 161 Ohio St.3d 1420, 2021-Ohio-254, 161 N.E.3d 712.

## II. POSITIONS OF THE PARTIES

{¶ 16} Hudson argues that he was both taken into custody and apprehended prior to reaching the age of 21 for the acts he allegedly committed as a juvenile. Hudson acknowledged that generally, the dismissal of an indictment would cure a jurisdictional defect but asserted that in this instance, the defect was not cured by the superseding indictment, because he was continuously in custody. Hudson maintains that the cases the appellate court relied on are distinguishable.

{¶ 17} The state admits that the original indictment was dismissed because it was jurisdictionally defective and that Hudson was reindicted to cure the defect. It is the state's position that the defect is cured because whether a juvenile court has jurisdiction depends on the date of custody or apprehension, not the date of the commission of the crime. And, according to the state, the dismissal of a defective indictment ends consideration of the dates of custody or apprehension related to that indictment. Therefore, the state contends that jurisdiction is determined based on when Hudson was taken into custody for the second indictment, which occurred when he was 22 years old. The state argues that because Hudson was 22, the juvenile court was divested of jurisdiction under R.C. 2152.02(C)(2) and 2151.23(I).

## III. LAW AND ANALYSIS

{¶ 18} Before turning to the sole proposition of law, we note that Hudson's proposition of law relies on R.C. 2152.02(C)(2). However, that reliance is mistaken. Subdivision (C)(3) of R.C. 2152.02 is controlling here.

### A. Standard of review

{¶ 19} Generally, we review a trial court's decision on a motion to dismiss an indictment for abuse of discretion. *State v. Keenan*, 143 Ohio St.3d 397, 2015-Ohio-2484, 38 N.E.3d 870, ¶ 7. But because Hudson raises a question of law— whether the trial court had subject-matter jurisdiction—we review the trial court's

decision de novo. *State v. Mutter*, 150 Ohio St.3d 429, 2017-Ohio-2928, 82 N.E.3d 1141, ¶ 13.

### B. *Statutory construction*

{¶ 20} The issue presented here is a narrow one: What is the meaning of the language in R.C. 2152.02(C)(3) and 2151.23(I)? That returns us to a familiar place: statutory interpretation.

{¶ 21} As we explained long ago, "[t]he question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact." *Slingluff v. Weaver*, 66 Ohio St. 621, 64 N.E. 574 (1902), paragraph two of the syllabus. "When the statutory language is plain and unambiguous, and conveys a clear and definite meaning, we must rely on what the General Assembly has said." *Jones v. Action Coupling & Equip., Inc.*, 98 Ohio St.3d 330, 2003-Ohio-1099, 784 N.E.2d 1172, ¶ 12.

### C. *Subject-matter jurisdiction*

{¶ 22} "Subject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a particular class or type of case," *Corder v. Ohio Edison Co.*, 162 Ohio St.3d 639, 2020-Ohio-5220, 166 N.E.3d 1180, ¶ 14, and " '[a] court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case,' " *id.*, quoting *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 19. "Instead, 'the focus is on whether the forum itself is competent to hear the controversy.' " *Id.*, quoting *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 23. Subject-matter jurisdiction is a condition precedent to a court's power to adjudicate and render judgment in a case and, "in the absence of subject-matter jurisdiction, a court lacks the authority to do anything but announce its lack of jurisdiction and dismiss," *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 21.

*1. Subject matter jurisdiction of the common pleas court, general division*

**{¶ 23}** The Ohio Constitution provides that "[t]he courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters * * * as may be provided by law." Article IV, Section 4(B). Therefore, the general subject-matter jurisdiction of Ohio courts of common pleas is defined statutorily by the legislature. Regarding criminal cases, R.C. 2931.03 provides, "The court of common pleas has original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas."

*2. Subject-matter jurisdiction of the common pleas court, juvenile division*

**{¶ 24}** The General Assembly, however, has vested specific divisions of the courts of common pleas with exclusive original jurisdiction over certain subject matters. R.C. 2151.07 establishes Ohio's juvenile courts, which are divisions of the courts of common pleas, and R.C. 2151.23(A) vests them with "exclusive original jurisdiction * * * [c]oncerning any child who on or about the date specified in the complaint * * * is alleged * * * to be * * * a delinquent * * * child." A "child" is defined as "a person who is under eighteen years of age." R.C. 2152.02(C)(1).

**{¶ 25}** The legislature has, however, stated that

> [a]ny person who, while under eighteen years of age, commits an act that would be a felony if committed by an adult and who is not taken into custody or apprehended for that act until after the person attains twenty-one years of age is not a child in relation to that act.

R.C. 2152.02(C)(3).

**{¶ 26}** R.C. 2151.23(I) similarly provides:

> If a person under eighteen years of age allegedly commits an act that would be a felony if committed by an adult and if the person is not taken into custody or apprehended for that act until after the person attains twenty-one years of age, the juvenile court does not have jurisdiction to hear or determine any portion of the case charging the person with committing that act.

{¶ 27} We have held that R.C. 2151.23(I) effectively removes "anyone over 21 years of age from juvenile-court jurisdiction, regardless of the date on which the person allegedly committed the offense." *State v. Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, 775 N.E.2d 829, ¶ 14. "R.C. 2151.23(I) * * * clearly states that a juvenile court is divested of jurisdiction when certain requirements are met." *In re H.C.*, 8th Dist. Cuyahoga No. 102601, 2015-Ohio-3676, ¶ 10. The three requirements that must be present to divest the juvenile court of jurisdiction are:

> (1) the defendant must have been under eighteen years of age at the time of the offense; (2) the alleged offense would be a felony if committed by an adult; and (3) the defendant must *not* have been "taken into custody or apprehended" for the offense prior to turning twenty-one years of age.

(Emphasis added in *In re H.C.*) *Id.*, quoting R.C. 2152.02(C)(3).

{¶ 28} While the General Assembly has not defined the phrase "taken into custody," it has delineated specific situations in which "[a] child may be taken into custody," one of which is "[p]ursuant to the laws of arrest," R.C. 2151.31(A).

### D.  *The juvenile court has exclusive jurisdiction*

{¶ 29} Under the plain and unambiguous language of R.C. 2152.02(C)(3) and 2151.23(I), the jurisdiction of the general division of the court of common pleas was never invoked.  It is undisputed that Hudson was a juvenile when he allegedly committed the acts that led to counts one through three of the original indictment. The state also concedes that Hudson was 20 years old when he was arrested for those acts in August 2013.  Therefore, because Hudson was taken into custody at the age of 20, the statutory provisions did not vest the general division with jurisdiction over Hudson.  The juvenile court had exclusive jurisdiction over Hudson, and the dismissal of the original indictment followed by the reindictment of Hudson when he was 22 years old was of no consequence.  Therefore, the general division does not have jurisdiction and the superseding indictment is defective.

## IV.  CONCLUSION

{¶ 30} For the reasons set forth above, we hold that under R.C. 2152.02(C)(3) and 2151.23(I), the jurisdiction of the general division of the court of common pleas is not invoked when a person is arrested at the age of 20 for felonious acts that he allegedly committed as a juvenile.  The juvenile court has exclusive jurisdiction over that person.  Accordingly, we reverse the judgment of the court of appeals and remand the cause to the trial court with instructions for it to dismiss the indictment.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Paul J. Gains, Mahoning County Prosecuting Attorney, and Ralph M. Rivera, Edward A. Czopur, and Caitlyn A. Andrews, Assistant Prosecuting Attorneys, for appellee.

January Term, 2022

John P. Laczko, L.L.C., and John P. Laczko, for appellant.

_____