[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Bear v. Buchanan,* Slip Opinion No. 2019-Ohio-931.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-931

BEAR, APPELLANT, *v*. BUCHANAN, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Bear v. Buchanan,* Slip Opinion No. 2019-Ohio-931.]**

*Habeas corpus—Habeas corpus is not the proper means to raise claims that could have been raised by way of direct appeal or a petition for postconviction relief—Trial court had jurisdiction over rape offenses regardless of appellant's allegation that bill of information failed to identify or misstated ages of victims—Court of appeals' dismissal affirmed.*

(No. 2018-0836—Submitted January 29, 2019—Decided March 20, 2019.)

APPEAL from the Court of Appeals for Noble County, No. 17 NO 0457, 2018-Ohio-1817.

_____

**Per Curiam.**

{¶ 1} Appellant, Samuel Bear, appeals the dismissal of his complaint for a writ of habeas corpus against respondent, Tim Buchanan, warden of the Noble Correctional Institution. We affirm.

**Allegations in the complaint**

**{¶ 2}** On July 6, 2017, Bear pleaded guilty to two counts of rape in the Gallia County Court of Common Pleas. The trial court sentenced him to two eight-year terms of imprisonment, to run concurrently, and designated Bear as a Tier II Sex Offender. He is presently incarcerated at the Noble Correctional Institution.

**{¶ 3}** On December 13, 2017, Bear filed a petition for a writ of habeas corpus in the Seventh District Court of Appeals. He alleged that the common pleas court lacked subject-matter jurisdiction over him because he was only 16 or 17 years old at the time of the offenses in 2009 or 2010. The gravamen of Bear's petition is that he was tried and sentenced as an adult without ever appearing in juvenile court for a bindover hearing. Warden Buchanan filed a motion to dismiss. The court of appeals granted the motion. Bear timely appealed.

**Analysis**

**{¶ 4}** R.C. 2152.02(C)(1) defines a "child" as a person under the age of 18. When a child is arrested for a felony or misdemeanor, proceedings regarding the child must initially be held in the juvenile court. R.C. 2152.03. As a result, the juvenile court has "exclusive jurisdiction over children alleged to be delinquent for committing acts that would constitute a crime if committed by an adult." *In re M.P.*, 124 Ohio St.3d 445, 2010-Ohio-599, 923 N.E.2d 584, ¶ 11. Before transferring jurisdiction to the common pleas court to try an offender as an adult, the juvenile court must conduct a bindover hearing. *See* R.C. 2152.12(A), (B), and (H); *In re M.P.* at ¶ 11-12.

**{¶ 5}** However, the exclusive jurisdiction of the juvenile court is subject to the following exception.

> If a person under eighteen years of age allegedly commits an act that would be a felony if committed by an adult and if the person is not taken into custody or apprehended for that act until after the

person attains twenty-one years of age, the juvenile court does not have jurisdiction to hear or determine any portion of the case charging the person with committing that act. In those circumstances, divisions (A) and (B) of this section [governing bindover hearings] do not apply regarding the act, and the case charging the person with committing the act shall be a criminal prosecution commenced and heard in the appropriate court having jurisdiction of the offense as if the person had been eighteen years of age or older when the person committed the act. All proceedings pertaining to the act shall be within the jurisdiction of the court having jurisdiction of the offense, and that court has all the authority and duties in the case as it has in other criminal cases in that court.

R.C. 2152.12(J). The language of R.C. 2152.12(J) is virtually identical to that of R.C. 2151.23(I), defining and limiting the jurisdiction of the juvenile court. Regarding the latter statute, this court has observed that it

effectively remove[s] anyone over 21 years of age from juvenile-court jurisdiction, regardless of the date on which the person allegedly committed the offense. In other words, the statutory amendments made the age of the offender *upon apprehension* the touchstone of determining juvenile-court jurisdiction * * *.

(Emphasis sic.) *State v. Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, 775 N.E.2d 829, ¶ 14.

{¶ 6} Bear alleges that he was 16 years old in 2009, so there is no question that he was over the age of 21 when he was prosecuted in 2017. Based on these

statutes, the court of appeals correctly concluded that the juvenile court had no jurisdiction over Bear at the time of his arrest.

{¶ 7} In his first proposition of law, Bear attaches a different meaning to R.C. 2152.12(J). He claims that the title of the statute contains the language, "juvenile court *loses* jurisdiction if child is not taken into custody or apprehended prior to attaining age twenty-one," and argues that the juvenile court cannot lose jurisdiction unless it had jurisdiction to begin with. However, title and section headings "do not constitute any part of the law as contained in the 'Revised Code.' " R.C. 1.01.

{¶ 8} Alternatively, he argues that the jurisdiction of the juvenile court terminates only if the offender conceals himself until he reaches the age of 21. The plain language of R.C. 2152.12(J) does not support such an interpretation.

{¶ 9} Bear also contends that if the court disagrees with his interpretation of R.C. 2152.12(J), then the statute is unconstitutional as applied to him. Specifically, he claims a due-process right to a bindover hearing because "it is likely that the juvenile court would not have found probable cause to establish that a felony occurred." But Bear could raise his constitutional arguments by way of direct appeal or a petition for postconviction relief, and relief in habeas corpus will not lie where there is an adequate remedy at law. *See Gaskins v. Shiplevy*, 76 Ohio St.3d 380, 383, 667 N.E.2d 1194 (1996); *Freeman v. Maxwell*, 4 Ohio St.2d 4, 6, 210 N.E.2d 885 (1965).

{¶ 10} In his second proposition of law, Bear asserts that the common pleas court lacked jurisdiction because it accepted his plea while under the mistaken belief that he was an adult at the time of the offenses. But as shown above, the common pleas court had an alternative basis for jurisdiction. Bear cites no authority for the proposition that a court loses jurisdiction if it identifies an incorrect basis for its proper jurisdiction.

4

**{¶ 11}** In his third proposition of law, Bear suggests that the bill of information in his criminal case was defective because it did not identify or misstated the ages of his victims and that the common pleas court lacked jurisdiction for that reason. Bear was charged with and convicted of rape pursuant to R.C. 2907.02(A)(2), which prohibits "sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." The trial court had jurisdiction over that offense regardless of the age of the victims—age with respect to that crime affects only the sentence that may be imposed.

**{¶ 12}** The allegations in Bear's petition do not state a claim for a writ of habeas corpus. The court of appeals correctly dismissed the petition.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Samuel Bear, pro se.

Dave Yost, Ohio Attorney General, and Stephanie Watson, Assistant Attorney General, for appellee.

_____