[Cite as *State v. Powers*, 2022-Ohio-2233.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

JACOB P. POWERS

    Appellant

C.A. No.     30025

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 20 12 3456

DECISION AND JOURNAL ENTRY

Dated: June 29, 2022

CALLAHAN, Judge.

**{¶1}** Appellant, Jacob Powers, appeals his conviction by the Summit County Court of Common Pleas. This Court affirms.

I.

**{¶2}** On November 1, 2019,[1] a complaint was filed in the Summit County Juvenile Court that alleged that Mr. Powers was a delinquent child by virtue of committing acts that would constitute rape in violation of R.C. 2907.02 if committed by an adult—a category two offense under R.C. 2152.02(BB)(1). The complaint alleged that Mr. Powers committed those acts in 2016, when he was sixteen years old; Mr. Powers was approximately two weeks from his twenty-first birthday when the complaint was filed. The State of Ohio moved to dismiss the complaint on November 12, 2019, one day before Mr. Powers' twenty-first birthday, arguing that the juvenile case should be dismissed "due to the fact that the named Defendant will [attain] the age of 21 on

---

[1] The document bears the erroneous timestamp "2019 OCT 32."

November 13, 2019; thus depriving the Juvenile Court of jurisdiction over the case." The State also represented that "[t]he appropriate court for this case to be filed in is the Summit County Court of Common Pleas General Division." The juvenile court dismissed the complaint without prejudice on the same date, noting that "[Mr. Powers] will be 21 years old tomorrow and this Court will no longer have jurisdiction." On November 19, 2019, Mr. Powers was indicted for three counts of rape in violation of R.C. 2907.02(A)(1)(b), but the trial court dismissed the indictment without prejudice on June 11, 2020.

{¶3} On June 3, 2020, a second complaint alleging that Mr. Powers was delinquent based on the same conduct was filed in juvenile court. Mr. Powers moved to dismiss the complaint, arguing that because the juvenile court dismissed the first complaint, it lacked subject matter jurisdiction over the second in light of the fact that he had turned twenty-one. The juvenile court denied the motion. On November 25, 2020, the juvenile court transferred the case to the Summit County Court of Common Pleas pursuant to R.C. 2152.10 and R.C. 2152.12(B), and on December 9, 2020, a second indictment issued that charged Mr. Powers with three counts of rape in violation of R.C. 2907.02(A)(1)(b). Mr. Powers pleaded guilty to one count, and the remaining two counts were dismissed. The trial court notified Mr. Powers of his status as a Tier III sex offender/child victim offender and explained his registration duties and residential restrictions that resulted from that status.

{¶4} Prior to sentencing, Mr. Powers moved the trial court to apply R.C. 2152.82 instead of R.C. 2950.01 with respect to his classification as a sex offender. The trial court did not rule on his motion, but on June 3, 2021, the trial court sentenced Mr. Powers to a mandatory prison term of three years and reiterated his obligations as a Tier III sex offender/child victim offender. Mr. Powers appealed, raising two assignments of error.

II.

**ASSIGNMENT OF ERROR NO. 1**

THE [JUVENILE COURT] ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION IN CASE DL-20-06-00469[.]

**{¶5}** Mr. Powers' first assignment of error argues that the juvenile court erred by denying his motion to dismiss the second complaint filed in juvenile court because he had attained the age of twenty-one years before he was apprehended. In effect, Mr. Powers argues that the juvenile court did not have jurisdiction over the case in the first instance and, consequently, the transfer and everything that followed were void.

**{¶6}** Juvenile courts have exclusive original jurisdiction "[c]oncerning any child who on or about the date specified in the complaint * * * is alleged * * * to be a juvenile traffic offender or a delinquent, unruly, abused, neglected, or dependent child * * *." R.C. 2151.23(A)(1). *See also State v. Hudson*, Slip Opinion No. 2022-Ohio-1435, ¶ 24. For purposes of R.C. Chapter 2151, a "child" is generally one "who is under eighteen years of age[.]" R.C. 2151.011(B)(6). In the case of an individual alleged to be a delinquent child, the jurisdiction of the juvenile court terminates if the case is transferred for prosecution in the court of common pleas pursuant to R.C. 2152.12. *See* R.C. 2151.23(H). The procedure set forth in R.C. 2152.12 "constitutes the only method by which a juvenile court may relinquish its exclusive original jurisdiction concerning a delinquent child[,] * * * [and] absent a proper bindover procedure * * *, the juvenile court has the exclusive subject matter jurisdiction over any case concerning a child who is alleged to be a delinquent." *State v. Wilson*, 73 Ohio St.3d 40, 44 (1995) (interpreting former R.C. 2151.26).

**{¶7}** Nonetheless, a juvenile court does not have jurisdiction over any portion of a delinquency case, and the procedures related to transfer are inapplicable, under certain circumstances:

> If a person under eighteen years of age allegedly commits an act that would be a felony if committed by an adult and if the person is not taken into custody or apprehended for that act until after the person attains twenty-one years of age, the juvenile court does not have jurisdiction to hear or determine any portion of the case charging the person with committing that act. In those circumstances, divisions (A) and (B) of section 2152.12 of the Revised Code do not apply regarding the act, *and the case charging the person with committing the act shall be a criminal prosecution commenced and heard in the appropriate court having jurisdiction of the offense as if the person had been eighteen years of age or older when the person committed the act*. All proceedings pertaining to the act shall be within the jurisdiction of the court having jurisdiction of the offense, and that court has all the authority and duties in the case that it has in other criminal cases in that court.

(Emphasis added.) R.C. 2151.23(I). Similarly, R.C. 2152.02(C)(3) explains that for purposes of R.C. Chapter 2152, "[a]ny person who, while under eighteen years of age, commits an act that would be a felony if committed by an adult and who is not taken into custody or apprehended for that act until after the person attains twenty-one years of age is not a child in relation to that act." In addition, like R.C. 2151.23(I), R.C. 2152.12(J) clarifies that "[i]f a person under eighteen years of age allegedly commits an act that would be a felony if committed by an adult and if the person is not taken into custody or apprehended for that act until after the person attains twenty-one years of age, *the juvenile court does not have jurisdiction to hear or determine any portion of the case charging the person with committing that act*." (Emphasis added.)

**{¶8}** Commenting on the language of R.C. 2151.23(I), the Supreme Court of Ohio has noted it "'effectively remove[s] anyone over 21 years of age from juvenile-court jurisdiction, regardless of the date on which the person allegedly committed the offense.'" (Emphasis in original.) *Bear v. Buchanan*, 156 Ohio St.3d 348, 2019-Ohio-931, ¶ 5, quoting *State v. Walls*, 96

Ohio St.3d 437, 2002-Ohio-5059, ¶ 14. The determining factor under R.C. 2151.23(I) for deciding whether the juvenile court has jurisdiction is "'the age of the offender *upon apprehension*[.]'" (Emphasis in original.) *Bear* at ¶ 5, quoting *Walls* at ¶ 14.

{¶9}    The import of these statutes is clear. When an individual who is alleged to have committed a crime while under the age of eighteen years is not apprehended or taken into custody until after attaining the age of twenty-one years, the juvenile court does not have subject matter jurisdiction and, consequently, has nothing to relinquish through bindover proceedings. *See* R.C. 2151.23(I); R.C. 2152.12(J). Under those circumstances, the individual is not a "child" and, therefore, is not within the jurisdiction of the juvenile court. R.C. 2152.02(C)(3). *See also* R.C. 2151.23(A)(1); R.C. 2151.011(B)(6). Instead, pursuant to R.C. 2151.23(I), the individual must be prosecuted in the court that would otherwise have subject matter jurisdiction over the offense.

{¶10}   An individual is "taken into custody" in a delinquency case "[p]ursuant to the laws of arrest[.]" *See* R.C. 2151.31(A)(2); *Hudson*, Slip Opinion No. 2022-Ohio-1435, at ¶ 28. *See also* R.C. 2151.31(B)(1) ("The taking of a child into custody is not and shall not be deemed an arrest except for the purpose of determining its validity under the constitution of this state or of the United States."). The Revised Code does not define the term "apprehended" for purposes of R.C. 2151.23(I), R.C. 2152.02(C)(3), or R.C. 2152.12(J). *See State v. Loveless*, 158 Ohio St.3d 1483, 2020-Ohio-1488, ¶ 4 (Donnelly, J., dissenting). One court has concluded that "the phrases 'apprehended for' and 'taken into custody' both indicate a form of detention as opposed to a mere thought or perception that a person named as the perpetrator of an offense *could be* arrested or detained." (Emphasis in original.) *State v. Taylor*, 8th Dist. Cuyahoga No. 105322, 2017-Ohio-

8066, ¶ 8. Consequently, according to the Eighth District Court of Appeals, "the phrase 'apprehended for' [is] synonymous with detention[.]" *Id.*[2]

{¶11} The Supreme Court of Ohio recently considered the import of R.C. 2151.23(I) in *Hudson*. In that case, the defendant was indicted on three charges that alleged conduct committed while he was under the age of eighteen and three charges that alleged conduct committed after his eighteenth birthday. *Hudson* at ¶ 4-5. He was arrested shortly thereafter at the age of twenty, and because he could not post bond, he remained in custody throughout the proceedings. *Id.* at ¶ 6. The defendant was tried in the court of common pleas on the three charges that related to conduct after his eighteenth birthday, acquitted of two charges, convicted of one, and sentenced to a mandatory thirty-six-month prison term. *Id.* at ¶ 7. The trial court dismissed the other three counts without prejudice, but the defendant was subsequently reindicted on those three counts. *Id.* at ¶ 8. When he was reindicted, the defendant was twenty-two years old. *Id.*

{¶12} The defendant moved to dismiss the new indictment, arguing that the charges pertained to conduct committed before he attained the age of eighteen years and that he was taken into custody pursuant to R.C. 2151.23(I) when he was arrested at age twenty. *Hudson* at ¶ 10, 13. The trial court denied the motion to dismiss; the defendant pleaded no contest and challenged the jurisdiction of the court of common pleas on appeal. *Id.* at ¶ 10, 12, 13. The

---

[2] In an earlier case, to which the parties and the trial court pointed, the Eighth District Court of Appeals concluded that filing a complaint in juvenile court and service of summons constituted apprehension for purposes of R.C. 2151.23(I). *See State v. Lindstrom*, 8th Dist. Cuyahoga No. 96653, 2011-Ohio-6755, ¶ 29. The opinion in that case, however, "may not be cited as authority except by the parties inter se." *State v. Lindstrom*, 135 Ohio St.3d 251, 2013-Ohio-731. This Court makes no determination regarding that issue in this case.

Seventh District Court of Appeals affirmed, but the Supreme Court of Ohio reversed. *See id*. at ¶ 14 30. The State argued that "jurisdiction [was] determined based on when [the defendant] was taken into custody for the second indictment, which occurred when he was [twenty-two] years old." *Id*. at ¶ 17. The Supreme Court of Ohio disagreed, emphasizing that "because [the defendant] was taken into custody at the age of [twenty], the statutory provisions did not vest the general division with jurisdiction over [him.]" *Id.* at ¶ 29.

{¶13} The facts in this case are distinguishable from those presented in *Hudson*. It is undisputed that Mr. Powers was alleged to have committed the acts at issue when he was under eighteen years of age and that he was arrested shortly before his twenty-first birthday. It is also apparent from the record that the juvenile court dismissed the first complaint in error. Based on statements contained within the record, however, it appears that Mr. Powers was released from juvenile detention upon dismissal of the first complaint. It also appears that when he was subsequently indicted for the same offenses, he was arrested again and detained in the Summit County Jail until the trial court dismissed the indictment without prejudice and a second complaint was filed in juvenile court, at which point Mr. Powers was released from custody again. When he appeared for his preliminary hearing in juvenile court on the second complaint, he was not in custody; he was living in a sober house in Cuyahoga County and under continuing supervision there for a drug-related offense.

{¶14} This Court cannot conclude, given the facts in the record, that Mr. Powers' arrest in connection with the first complaint filed in juvenile court continued to have relevance for purposes of determining whether the juvenile court retained jurisdiction over him under R.C. 2151.23(I), R.C. 2152.02(C)(3), and R.C. 2152.12(J) upon filing of the *second* complaint in juvenile court. Consequently, the juvenile court did not have subject matter jurisdiction to

determine any portion of the case against him. *See* 2151.23(I), R.C. 2152.12(J); *Bear*, 156 Ohio St.3d 348, 2019-Ohio-931, at ¶ 5, quoting *Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, at ¶ 14. This determination does not, however, lead us to conclude that Mr. Powers' conviction by the court of common pleas must be vacated. Because the juvenile court lacked subject matter jurisdiction in the first instance, it had nothing to relinquish through bindover proceedings. *See* R.C. 2151.23(I); R.C. 2152.12(J). Pursuant to R.C. 2151.23(I), the court of common pleas had jurisdiction to determine the offenses of which Mr. Powers was accused, and a prosecution in that court was instituted by means of the indictment that was filed on December 9, 2020.

{¶15} Accordingly, although the juvenile court erred by dismissing the first complaint and by denying Mr. Powers' motion to dismiss the second complaint, the December 9, 2020, indictment instituted a prosecution against him in the court that had jurisdiction over the offenses. *See* R.C. 2151.23(I). There was no prejudice that resulted from the error assigned in this case, and Mr. Powers' first assignment of error is overruled on that basis.

### ASSIGNMENT OF ERROR NO. 2

> THE TRIAL COURT'S CLASSIFICATION OF APPELLANT AS A SEX OFFENDER UNDER [R.C. 2950.01] IS A VIOLATION OF DUE PROCESS AND CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT AS HE WAS A JUVENILE AT THE TIME OF THE INCIDENT[.]

{¶16} Mr. Powers' second assignment of error argues that because he was under the age of eighteen years when he committed the offenses at issue, R.C. 2950.01 et seq. is unconstitutional as applied to him. This Court does not agree.

{¶17} A facial challenge to the constitutionality of a statute "asserts that there is no conceivable set of circumstances in which the statute would be valid. [*Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468, 2007-Ohio-6948, ¶ 26.] An as-applied challenge, on the other hand, alleges that application of the statute in a particular factual context is unconstitutional." *Simpkins*

*v. Grace Brethren Church of Delaware, Ohio*, 149 Ohio St.3d 307, 2016-Ohio-8118, ¶ 20. This Court reviews constitutional challenges de novo. *See Cleveland v. State*, 157 Ohio St.3d 330, 2019-Ohio-3820, ¶ 15. In so doing, "we must acknowledge that legislative enactments are entitled to a strong presumption of constitutionality." *State ex rel. Ohio Congress of Parents & Teachers v. State Bd. of Edn.*, 111 Ohio St.3d 568, 2006-Ohio-5512, ¶ 20.

{¶18} The current version of R.C. Chapter 2950, known as the Adam Walsh Act ("AWA") is a "comprehensive tiered registration system that classifies offenders based on the offense committed[.]" *State v. J.M.*, 9th Dist. Summit No. 29874, 2021-Ohio-2668, ¶ 7, citing *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, ¶ 18-28. A person who pleads guilty to rape in violation of R.C. 2907.02 is automatically classified as a Tier III sex offender. *See* R.C. 2950.01(G)(1)(a). With respect to juvenile offenders, however, "[w]hen a juvenile commits a sex offense, the juvenile court has the ability to classify the juvenile as a sex offender." *In re R.B.*, 162 Ohio St.3d 281, 2020-Ohio-5476, ¶ 4. In that situation,

> [u]nlike adult offenders, whose classification levels are based solely on the underlying offense, *see* R.C. 2950.01, the juvenile court has discretion to determine the appropriate classification for a juvenile offender, *see* R.C. 2152.83(A)(2) and (B)(2). Additionally, while adult classifications flow directly from the conviction and are not subject to modification, the juvenile court retains jurisdiction to review a juvenile offender's classification. The classification process is set forth in a series of statutes * * *. The juvenile court conducts a hearing at the time of the juvenile's disposition, *see* R.C. 2152.83, and at the time the juvenile completes the disposition, *see* R.C. 2152.84. After that, the juvenile may petition the juvenile court for review every three or five years. *See* R.C. 2152.85.

*Id.* at ¶ 5. Classification is discretionary for those aged fourteen or fifteen years who are not repeat offenders or serious youthful offenders. *In re D.S.*, 146 Ohio St.3d 182, 2016-Ohio-1027, ¶ 14, citing *In re I.A.*, 140 Ohio St.3d 203, 2014-Ohio-3155, ¶ 6.

{¶19} In *In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446, the Supreme Court of Ohio considered whether another statute that relates to juveniles violated the right to due process and

the prohibitions against cruel and unusual punishment in the Ohio and United States Constitutions. *Id*. at ¶ 1. The statute at issue, R.C. 2152.86, created a class of juvenile registrants who were "subject to more stringent registration and notification requirements" that were "imposed automatically rather than at the discretion of a juvenile judge." *Id*. at ¶ 12. Noting that the statute applied only to juveniles who had been designated serious youthful offenders, the Supreme Court observed that "R.C. 2152.86 changes the very nature of an SYO disposition, imposing an adult penalty immediately upon the adjudication." *Id*. at ¶ 16. In summary, the Court noted that a Tier III classification under R.C. 2152.86 "impose[d] a lifetime penalty that extends well beyond the age at which the juvenile court loses jurisdiction. It is a consequence that attaches immediately and leaves a juvenile with no means of avoiding the penalty by demonstrating that he will benefit from rehabilitative opportunities." *Id*. at ¶ 24.

{¶20} Turning to the appellant's facial challenge to R.C. 2152.86 based on due process, the Court emphasized that "'the applicable due process standard in juvenile proceedings * * * is fundamental fairness.'" (Alteration in original.) *In re C.P.* at ¶ 72, quoting *McKeiver v. Pennsylvania*, 403 U.S. 528, 543 (1971). The Court noted its previous holding that "[t]he disposition of a child is so different from the sentencing of an adult that fundamental fairness to the child demands the unique expertise of a juvenile judge." *In re C.P.* at ¶ 76, citing *State v. D.H.*, 120 Ohio St.3d 540, 2009-Ohio-9, ¶ 59. Applying these principles, the Court held that the automatic-classification requirements of R.C. 2152.86 "eliminate[] the discretion of the juvenile judge, this essential element of the juvenile process, at the most consequential part of the dispositional process[]" because it "requires the automatic imposition of a lifetime punishment— with no chance of reconsideration for 25 years—without benefit of a juvenile judge weighing its

appropriateness." *In re C.P.* at ¶ 77. Nonetheless, the Court emphasized that the scope of its decision was limited:

> Again, we are dealing with juveniles who remain in the juvenile system through the decision of a juvenile judge—a decision made through the balancing of the factors set forth in R.C. 2152.12(B)—that the juvenile at issue is amenable to the rehabilitative purpose of the juvenile system. The protections and rehabilitative aims of the juvenile process must remain paramount; we must recognize that juvenile offenders are less culpable and more amenable to reform than adult offenders.

*Id.* at ¶ 84.

{¶21} The Supreme Court also considered whether R.C. 2152.86 violated the constitutional prohibition against cruel and unusual punishment, focusing again on "juvenile offender[s] who remain within the jurisdiction of the juvenile court[.]" *In re C.P.* at ¶ 58. Under both the Ohio and United States Constitutions, the Court concluded that with respect to those individuals, the "automatic imposition of lifetime sex-offender registration and notification requirements[]" violated the prohibition. *Id.* at ¶ 58, 69. With respect to the Ohio Constitution, the Court emphasized the importance of the character of juvenile proceedings in its analysis:

> S.B. 10 forces registration and notification requirements into a juvenile system where rehabilitation is paramount, confidentiality is elemental, and individualized treatment from judges is essential. The public punishments required by R.C. 2152.86 are automatic, lifelong, and contrary to the rehabilitative goals of the juvenile system.

*Id.* at ¶ 69.

{¶22} Mr. Powers asks this Court to apply the reasoning of *In re C.P.* to his as-applied constitutional challenges to R.C. 2950.01 et seq. Specifically, he urges this Court to conclude that R.C. 2950.01 et seq. is unconstitutional as applied to him because, had he been taken into custody before his twenty-first birthday, the provisions of R.C. 2152.82 would have applied to him instead.

{¶23} Mr. Powers, however, was not a "juvenile[] who remain[ed] in the juvenile system through the decision of a juvenile judge" for purposes of his as-applied constitutional challenges. *See In re C.P.* at ¶ 84. Noting that "[t]his is a critical distinction[,]" the Fourth District Court of Appeals has declined to extend the holding of *In re C.P.* to as-applied constitutional challenges by individuals who have been prosecuted as an adult by operation of R.C. 2151.23(I). *State v. Stidam*, 4th Dist. Adams No. 15CA1014, 2016-Ohio-7906, ¶ 43, 51. The Court explained:

> Here, [the appellant] was not determined to be a serious youth[ful] offender or even adjudicated within the juvenile system. Thus, the *In re C.P.* decision is clearly distinguishable from the present case. * * *.
>
> * * * [T]he Ohio Supreme Court repeatedly referenced the protections and rehabilitative purposes of the juvenile system, as well as the important role of the juvenile judge's discretion in sentencing. Because [the appellant] was indicted as an adult, those aspects of the juvenile system are simply not applicable here. It was C.P.'s status as an SYO and his disposition in the juvenile system that led the Court to find that automatic, lifetime registration "undercuts the rehabilitative purpose of Ohio's juvenile system and eliminates the important role of the juvenile court's discretion in the disposition of juvenile offender." *Id*. at ¶ 85. Fundamentally contrasting, [the appellant] was adjudicated in the general division of the common pleas court in the adult court.

*Stidam* at ¶ 23-24. The Court rejected the appellant's argument that application of R.C. 2950.01 et seq. violated the prohibition against cruel and unusual punishment for similar reasons, emphasizing that by operation of R.C. 2151.23(I), the appellant was "prevented * * * from being subject to [the] juvenile system and thus outside the bounds of the Ohio Supreme Court's analysis in *In re C.P.*" *Stidam* at ¶ 50. This Court agrees that because the juvenile court did not have subject matter jurisdiction over Mr. Powers by operation of R.C. 2151.23(I), his constitutional arguments based on *In re C.P.* are not well taken.

{¶24} Moreover, Mr. Powers has failed to point to evidence substantiating his constitutional challenges. The proponent of an as-applied constitutional challenge "has the burden of presenting a presently existing state of facts that make the [ordinance] unconstitutional under

the appropriate level of scrutiny." *Eppley v. Tri-Valley Loc. School Dist. Bd. of Edn.*, 122 Ohio St.3d 56, 2009-Ohio-1970, ¶ 13. *See also Harrold v. Collier*, 107 Ohio St.3d 44, 2005-Ohio-5334, ¶ 38, citing *Belden v. Union Cent. Life Ins. Co.*, 143 Ohio St. 329 (1944), paragraph six of the syllabus ("[W]here statutes are challenged on the ground that they are unconstitutional as applied to a particular set of facts, the party making the challenge bears the burden of presenting clear and convincing evidence of a presently existing set of facts that make the statutes unconstitutional and void when applied to those facts."). In support of his as-applied challenges to the constitutionality of R.C. 2950.01 et seq., Mr. Powers points to a single statement made by the juvenile court judge during his amenability hearing:

> If this case had come before the court when this young man was 17 * * * if he were found to be delinquent, [someone] would be working on a treatment plan for him to try to deal with all the trauma and experiences that he had in his life and try to get him on the right path.
>
> * * *
>
> My hands are really tied in this matter. * * * I don't have a choice in the matter.
>
> I wish I did, but I don't quite frankly. You know, I have no alternative but to transfer this case to the General Division.

In other words, Mr. Powers relies upon the juvenile court's speculation that had he appeared before the Court before his eighteenth birthday, the juvenile court would not have relinquished jurisdiction. Notably, however, Mr. Powers could not have appeared before the juvenile court before his eighteenth birthday because the victim in this case—who was less than thirteen years of age at the time of the offense—did not disclose the rape until Mr. Powers was twenty years of age.

**{¶25}** This Court cannot conclude that the application of R.C. 2950.01 et seq. is unconstitutional with respect to Mr. Powers. His second assignment of error is overruled.

III.

{¶26} Mr. Powers' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

ANGELA M. KILLE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.