[Cite as *State v. Roehrenbeck*, 2026-Ohio-797.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 2025 CA 00066 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Licking County Court of Common Pleas, Case No. 24 CR 00451 |
| CALEB C. ROEHRENBECK, | Judgment: Affirmed |
| Defendant – Appellant | Date of Judgment Entry: March 9, 2026 |

**BEFORE:** David M. Gormley; Craig R. Baldwin; Robert G. Montgomery, Judges

**APPEARANCES:** JENNY WELLS, Licking County Prosecuting Attorney by KENNETH W. OSWALT, for Plaintiff-Appellee; BRADLEY P. KOFFEL and PAUL GIORGIANNI, for Defendant-Appellant.

*Montgomery, J.*

{¶1}    Defendant/Appellant Caleb Roehrenbeck (hereinafter "Appellant") appeals the trial court's imposition of R.C. Chapter 2950 as applied to him. For the reasons below, we affirm.

**STATEMENT OF THE FACTS**

{¶2}    This Court will rely on the facts read into the record by the prosecutor at Appellant's plea hearing.

{¶3} The Licking County Sheriff's Office (hereinafter "Sheriff's Office") executed a search warrant at Appellant's residence after receiving a cyber tip from the National Center for Missing and Exploited Children. The tip came from Dropbox, Inc. (hereinafter "Dropbox"), an electronic cloud-based storage company. Dropbox reported that account katiemarie, email address crisafullilawn@gmail.com, was used to transmit, send, or receive child sexual abuse material (hereinafter "CSAM") on November 26, 2023. It was later discovered that this account belonged to Appellant.

{¶4} The Sheriff's Office executed a search warrant for Dropbox and received 858 files. These files contained videos of what appeared to be younger aged females in states of nudity and/or engaged in sexual acts as well as some adult videos.

{¶5} While investigating the previously mentioned cyber tip, Detective Mills, from the Sheriff's Office, received two additional tips from Instagram. In the first tip, Detective Mills viewed 22 files from account k_mariel214 and determined that six of the videos unequivocally showed minor females engaged in sexual acts and/or states of nudity. Detective Mills viewed 9 files from the other tip and determined that two of the videos unequivocally showed minor females engaged in sexual acts and/or in states of nudity. User account k_mariel214 belonged to Appellant.

{¶6} Detective Mills obtained a search warrant for Appellant's Instagram account and found that Appellant portrayed himself as two different females named Sophia Siapno and Katie Marie. Appellant, using these accounts, had a menu of offerings and told other Instagram users he was 16 and 17 years old. Appellant was paid for the pictures and videos sent to other users through Cash App and PayPal.

**{¶7}** Appellant admitted that the Dropbox account and the two Instagram accounts belonged to him. Appellant also admitted that he would pose as a juvenile female and received funds in exchange for CSAM.

**{¶8}** The prosecutor informed the trial court that a user of a Dropbox account must save images in order to put files into the account. *Change of Plea Hearing/ Sentencing Transcript*, pp. 15-19.

**{¶9}** Appellant was asked if he agreed with the facts that the prosecutor read into the record and he replied in the affirmative. *Id.*, p. 20.

## STATEMENT OF THE CASE

**{¶10}** The Licking County Prosecuting Attorney's Office filed a Criminal Complaint against Appellant on June 28, 2024.

**{¶11}** Appellant was later indicted on 50 felony counts of crimes involving the transmission of CSAM.

**{¶12}** Appellant filed a Notice of Intent to Enter Plea of Guilty on June 16, 2025.

**{¶13}** Appellant filed a Sentencing Memorandum on July 23, 2025.

**{¶14}** The trial court held a change of plea and sentencing hearing on July 24, 2025, wherein Appellant pled guilty to:

- Eleven counts of Pandering Obscenity Involving a Minor or Impaired Person, in violation of R.C. 2907.321(A)(1), second-degree felonies;

- Eleven counts of Pandering Sexually Oriented Matter Involving a Minor or Impaired Person, in violation of R.C. 2907.322(A)(1), second-degree felonies;

- Eleven Counts of Illegal Use of a Minor or Impaired Person in Nudity-Oriented Material or Performance, in violation of R.C. 2907.323(A)(1), second-degree felonies;

- One count of Pandering Obscenity Involving a Minor or Impaired Person, in violation of R.C. 2907.321(A)(5), a fourth-degree felony;

- Three Counts of Pandering Sexually Oriented Matter Involving a Minor or Impaired Person, in violation of R.C. 2907.322(A)(5), fourth-degree felonies; and

- One Count of Illegal Use of a Minor or Impaired Person in Nudity-Oriented Material or Performance, in violation of R.C. 2907.323(A)(5), a fifth-degree felony.

{¶15} The trial court found Appellant guilty on thirty-eight counts, dismissed the remaining counts, sentenced him to four years of community control and designated him as a Tier II sex offender pursuant to R.C. Chapter 2950. *7/28/25 Judgment Entry*.

{¶16} After the trial court imposed its sentence, defense counsel objected to Appellant's designation as a Tier II sex offender citing the Adam Walsh Act, due process and the Eighth Amendment.

{¶17} Appellant filed a written Motion to Declare R.C. 2950 Unconstitutional as Applied with the trial court on August 5, 2025.

{¶18} Before the Motion to Declare R.C. 2950 Unconstitutional as Applied could be heard by the trial court, Appellant filed his Notice of Appeal with this Court on August 27, 2025.

{¶19} The trial court denied Appellant's motion finding that the filing of the Notice of Appeal divested the trial court of jurisdiction to consider the issue.

## ASSIGNMENT OF ERROR

{¶20} Appellant asserts a single assignment of error:

{¶21} "I. THE SENTENCING COURT ERRED BY RULING THAT AUTOMATIC CLASSIFICATION UNDER R.C. 2950 COMPORTS WITH THE OHIO CONSTITUTION, AS APPLIED IN THIS CASE."

## STANDARD OF REVIEW

{¶22} This Court reviews constitutional challenges de novo. *See Cleveland v. State*, 2019-Ohio-3820, ¶ 15. In so doing, "we must acknowledge that legislative enactments are entitled to a strong presumption of constitutionality." *State v. Powers*, 2022-Ohio-2233, ¶ 17 (9th Dist.), citing *State ex rel. Ohio Cong. of Parents & Teachers v. State Bd. of Educ.*, 2006-Ohio-5512, ¶ 20.

## ANALYSIS

{¶23} Appellant asserts that the automatic imposition of R.C. Chapter 2950 that classifies him into Tier II registration "as applied" to him is unconstitutional.

### History of Sex Offender Registration Statutes

{¶24} The Ohio Supreme Court explained the history of sex offender registration statutes. "Sex-offender-registration statutes have existed in Ohio since 1963. *See* former R.C. Chapter 2950, 130 Ohio Laws 669. The first of several significant changes to those statutes occurred in 1996, when the General Assembly enacted Megan's Law through H.B. 180, which took effect on January 1, 1997." *State v. Schilling*, 2023-Ohio-3027, ¶ 3. "Megan's Law established a comprehensive scheme whereby sex offenders are classified—based on their status as a first-time or a repeat offender and their likelihood

of reoffending—as either a sexually oriented offender, a habitual sex offender, or a sexual predator." *Id.*, ¶ 4. "H.B. 180 created more stringent sex offender classification, registration, and notification provisions within R.C. Chapter 2950." *Id.*

**{¶25}** Megan's Law was subsequently amended in 2007 by the General Assembly through S.B. 5 when it passed the Adam Walsh Act ("AWA"). The Ohio Supreme Court explained, "The AWA replaced Megan's Law with a system under which 'sexually oriented offenders' are classified as Tier I, Tier II, or Tier III sex offenders based primarily on their offense of conviction." *Schilling*, at ¶ 6.

**{¶26}** Megan's Law was a risk-based classification method that used an individual assessment by the trial judge of the offender's likelihood to reoffend. *State v. Battistelli*, 2009-Ohio-4796, ¶ 8 (9th Dist.). In contrast, the sex offender categories under the AWA are based on the specific crimes committed, and the tier designations are applied as a matter of law. *Id.*

**{¶27}** Pursuant to the AWA and R.C. Chapter 2950, a sex offender is defined as "a person who is convicted of, pleads guilty to, has been convicted of, has pleaded guilty to, is adjudicated a delinquent child for committing, or has been adjudicated a delinquent child for committing any sexually oriented offense." R.C. 2950.01 (B)(1).

**{¶28}** Sexually oriented offenses are defined in R.C. 2950.01(A) and include a number of violations or offenses committed by a person, regardless of the person's age.[1]

**{¶29}** In the case at hand, Appellant pled guilty to eleven counts of violating R.C. 2907.321(A)(1), eleven counts of violating R.C. 2907.322(A)(1), eleven counts of violating R.C. 2907.323(A)(1), one count of R.C. 2907.321(A)(5), three counts of violating R.C.

---

[1] Here Appellant was charged with a number of sexually oriented offenses.

2907.322(A)(5) and one count of violating R.C. 2907.323(A)(5). These are all defined as sexually oriented offenses thereby making Appellant a sex offender. Therefore, pursuant to the AWA, R.C. 2950.01(E) and 2950.01(F), Appellant is automatically classified as a Tier II sex offender/child victim offender.

{¶30} It is important to note that Appellant does not argue that automatic imposition of R.C. Chapter 2950 is facially unconstitutional but unconstitutional as applied to him.

**Constitutional Challenge of a Statute**

{¶31} Statutes are presumed to be constitutional. When a statute is challenged on grounds that it is unconstitutional, the burden is on the person challenging the statute to prove otherwise beyond a reasonable doubt. *State v. Lowe,* 112 Ohio St.3d 507, 510 (2007), citing *Klein v. Leis,* 99 Ohio St.3d 537 (2003).

{¶32} There are two types of challenges to the constitutionality of a statute, a facial challenge or an as-applied challenge. "In a facial challenge, 'the challenger must show that upon examining a statute, an individual of ordinary intelligence would not understand what he is required to do under the law.' " *State v. Baum*, 2020-Ohio-5268, ¶14 (5th Dist.) citing, *State v. Anderson*, 57 Ohio St.3d 168 (1971).

{¶33} In an as-applied challenge, the challenger "contends that application of the statute in the particular context in which he has acted, or in which he proposes to act, [is] unconstitutional." *State v. Lowe*, 2007-Ohio-606, ¶ 17. An as-applied challenge "[f]ocuses on the particular application of the statute." *State v. Carrick*, 2012-Ohio-608, 965 N.E.2d 264. *Id.*

{¶34} When a party asserts an as-applied challenge, "[t]he burden is upon the party making the attack to present clear and convincing evidence of a presently existing

state of facts which makes the Act unconstitutional and void when applied thereto." *Cleveland Gear Co. v. Limbach,* 35 Ohio St.3d 229, 231 (1988).

**{¶35}** When the constitutionality of a statute is challenged as applied to a particular set of facts, a record is required. *Semenchuk v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-5551, ¶ 30. "[W]here statutes are challenged on the ground that they are unconstitutional as applied to a particular set of facts, the party making the challenge bears the burden of presenting clear and convincing evidence of a presently existing set of facts that make the statutes unconstitutional and void when applied to those facts." *Belden v. Union Cent. Life Ins. Co.*, 143 Ohio St. 329, 55 N.E.2d 629 (1944), paragraph six of the syllabus. Thus, an as-applied constitutional challenge must be raised during the trial court proceedings to develop a record demonstrating the particular facts supporting the constitutional challenge. *State v. Ndiaye*, 2020-Ohio-1008, ¶ 49 (10th Dist.).

**{¶36}** In the case at hand, following the trial court's imposition of sentence upon Appellant, his counsel objected to the Tier II registration stating, "[t]here's no rational relationship between Caleb's conduct and the purpose behind sex offender registration in the Adam Walsh Act." Change of *Plea Hearing/Sentencing Transcript*, p. 51. The trial judge asked defense counsel if he would be filing a written motion and counsel responded in the affirmative. *Id.*

**{¶37}** Appellant filed his written argument labeled, Motion to Declare R.C. 2950 Unconstitutional as Applied and the motion was scheduled for oral hearing. However, prior to the hearing on the motion, Appellant filed a Notice of Appeal. The trial court dismissed Appellant's motion finding that, "[t]he filing of the Notice of Appeal divests this Court of jurisdiction to consider the issue." *8/29/25 Judgment Entry*. Since Appellant pled

guilty and there was no hearing on Appellant's constitutional challenge at the trial court level, the record supporting the challenge is quite limited.

{¶38} In the case at hand, Appellant argues that the imposition of R.C. Chapter 2950 designating him as a Tier II sex offender is unconstitutional as it applies to him because it violates the Due Course of Law Clause of the Ohio Constitution.

{¶39} Article I, Section 16, of the Ohio Constitution states, "All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay."

{¶40} In support of his argument, Appellant cites two cases where the Ohio Supreme Court held that the automatic aspect of sex offender classifications in juvenile cases was unconstitutional. Both cases cited the importance of the discretion of a juvenile judge in the juvenile system. *In re C.P*., 2012-Ohio-1446, ¶ 76, held that, "The requirement in R.C. 2152.86 of automatic imposition of Tier III classification on a juvenile offender who receives an SYO [serious youth offender] dispositional sentence undercuts the rehabilitative purpose of Ohio's juvenile system and eliminates the important role of the juvenile court's discretion in the disposition of juvenile offenders and thus fails to meet the due process requirement of fundamental fairness." Appellant also cites, *In re D.R.*, 2022-Ohio-4493, ¶ 13-35, in support of his argument. *In re D.R.*, at ¶ 15, held that, "Judicial discretion is essential to preserving that special nature of the juvenile process and to maintaining fundamental fairness in the juvenile-justice system."  In relying on their decisions, both courts cited, *In re D.H.,* 2009-Ohio-9, ¶ 76, wherein the court explained,

"The disposition of a child is so different from the sentencing of an adult that fundamental fairness to the child demands the unique expertise of a juvenile judge."

**{¶41}** Appellant states in his brief that he was 19 years old at the time of the commission of his crimes. *Appellant Brief*, p. 3. However, upon our review of the record, Appellant was in fact 20 years old at the time he committed the offenses.

**{¶42}** The cases cited by Appellant have no application since he was an adult at the time of the commission of the instant offenses. Those cases speak directly to the rehabilitation of juvenile offenders and here, Appellant was an adult and not subject to the jurisdiction of the juvenile court or the expertise of a juvenile judge. Appellant fails to cite a single case where Ohio's current sex offender registration as it relates to adult offenders violates the constitution.

**{¶43}** Appellant further argues that since his crimes did not involve sexual motivation or sexual gratification, the automatic classification is unconstitutional as applied to him. In support of his argument, Appellant points to several statements made by the judge at sentencing and several cases decided prior to the enactment of the AWA.[2] The statements made by the trial judge during sentencing were:

> This was not, in my opinion, based on the information that I've received in this hearing and the sentencing material, was not motivated for sexual gratification . . .
>
> I just don't think he's the kind of offender that we're going to see again, and that we should be afraid of.
>
> *Change of Plea Hearing/Sentencing Transcript*, p. 45.

---

[2] *State v. Washington*, 2001-Ohio-8905, *State v. Barksdale*, 2003-Ohio-43, *State v. Gooden*, 2004-Ohio-2699 and *State v. Small*, 2005-Ohio-3813.

**{¶44}** In the cases decided prior to the enactment of the AWA, the trial judge would classify an offender by assessing them and considering their likelihood of reoffending. However, with the passing of the AWA, sex offenders are categorized based on the specific crimes committed and the tier designations are applied as a matter of law. The judge made the above statements to explain his decision to impose community control in lieu of prison time. The judge was not assessing Appellant in an effort to classify him as a Tier I, II or III sex offender

**{¶45}** The trial judge clearly explained to Appellant that since he pled guilty to the previously stated sexually oriented offenses, he would be designated as a Tier II sex offender. *Id.*, p. 49.

**{¶46}** This Court has reviewed the record. Appellant agreed to the State's recitation of facts that were read into the record at the change of plea hearing. Appellant acknowledged that he committed 38 sexually oriented offenses and that he is a sex offender. Appellant has failed to show a presently existing set of facts that make the statute unconstitutional as applied to him.

**{¶47}** Appellant has failed to present clear and convincing evidence that the automatic imposition of R.C. Chapter 2950 that classifies him as a Tier II sex offender is unconstitutional as applied to him. Therefore, Appellant's sole assignment of error is overruled.

## CONCLUSION

**{¶48}** For the reasons stated above, this Court affirms the decision of the Licking County Common Pleas Court and finds that the imposition of R.C. Chapter 2950, as applied to Appellant, is constitutional.

**{¶49}** Costs to Appellant.


By: Montgomery, J.

Gormley, P.J. and

Baldwin, J. concur.